FILED '10 JUL 12 12:50 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| LISA R. BRUCE | ) | Civ. No. 08-1457-HO |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

INTRODUCTION

Pursuant to 42 U.S.C. § 405(G), plaintiff seeks review of the Administrative Law Judge's (ALJ) April 16, 2008, decision denying her claim for benefits. [Tr. 21-30]. The ALJ's decision became the Commissioner's final decision when the Appeals Council declined review on October 16, 2008. [Tr. 7-10].

Plaintiff originally filed her application for disability

1 - ORDER

insurance benefits on April 1, 2005, alleging disability beginning July 1, 2002. [Tr. 21, 73-82; 83-87; 91-100; 155-65]. Plaintiff was insured through June 30, 2005. [Tr. 21; 73- 82] Thus, she must establish disability on or before that date in order to be eligible for benefits. Plaintiff has not engaged in substantial gainful activity since July 1, 2002, her alleged onset date. [Tr. 23].

Plaintiff claims that the ALJ made reversible errors at Steps 2, 3 and 5, and asserts that she has made a *prima facie* case for disability and that the record is sufficient to support a finding that she is disabled. (#20) Plaintiff therefore requests a remand for an award of benefits or alternatively, for full development of the record and correction of the alleged errors. [#20-pp.23-24].

Defendant disagrees, arguing that the ALJ applied the correct legal standards, that the record supports the ALJ's findings that plaintiff is not disabled and that the Commissioner's decision should be affirmed. (#21).

## DISCUSSION

Plaintiff contends that the ALJ erred by: (1) failing to provide clear and convincing reasons for rejecting the testimony of Dr. Hoffman, her treating physician; (2) improperly rejecting her examining physicians' (Drs. Radhakrishan, Hero and Nilaver) opinions; (3) dismissing plaintiff's testimony regarding the

2 - ORDER

intensity, persistence and limiting effects of her multiple impairments' symptoms; and (4) improperly rejecting the lay testimony of Jamie Miller (plaintiff's sister). (#20).

The ALJ found that plaintiff had the following severe impairments: obesity, arthritis, nasal obstruction, sleep apnea, posttraumatic stress disorder, an affective disorder, carpal tunnel syndrome, polysubstance abuse and a right shoulder injury. [Tr. 23]. However, he found that she did not have an impairment or combination of impairments that met or medically equaled a listed impairment. [Tr. 24].

The ALJ then translated plaintiff's "paragraph B and C' criteria findings (which were not severe enough to meet the criteria of either paragraph), into work-related functions in her residual functional capacity (RFC) assessment. *Id.* He found plaintiff's RFC included the ability to: perform simple routine repetitive work that had no public interaction; have no exposure to dusts, fumes, odors or gases; lift 10 pounds frequently and 20 pounds occasionally; stand or walk for two hours out of eight and occasionally climb ropes, ladders, and scaffolds or crawl but, to have no constant handling or fingering. *Id.*

Upon considering the hypothetical based on an individual of plaintiff's age. education, work experience and RFC posed by the ALJ, the Vocational Expert (VE), testified that the hypothetical individual would be able to perform the requirements of jobs such

intensity, persistence and limiting effects of her multiple impairments' symptoms; and (4) improperly rejecting the lay testimony of Jamie Miller (plaintiff's sister). (#20).

The ALJ found that plaintiff had the following severe impairments: obesity, arthritis, nasal obstruction, sleep apnea, posttraumatic stress disorder, an affective disorder, carpal tunnel syndrome, polysubstance abuse and a right shoulder injury. [Tr. 23]. However, he found that she did not have an impairment or combination of impairments that met or medically equaled a listed impairment. [Tr. 24].

The ALJ then translated plaintiff's "paragraph B and C' criteria findings (which were not severe enough to meet the criteria of either paragraph), into work-related functions in her residual functional capacity (RFC) assessment. *Id.* He found plaintiff's RFC included the ability to: perform simple routine repetitive work that had no public interaction; have no exposure to dusts, fumes, odors or gases; lift 10 pounds frequently and 20 pounds occasionally; stand or walk for two hours out of eight and occasionally climb ropes, ladders, and scaffolds or crawl but, to have no constant handling or fingering. *Id.*

Upon considering the hypothetical based on an individual of plaintiff's age. education, work experience and RFC posed by the ALJ, the Vocational Expert (VE), testified that the hypothetical individual would be able to perform the requirements of jobs such

as laundry folder, small products assembler and routing clerk jobs, all of which exist in significant numbers in the national economy . [Tr. 29; 990-93]. Plaintiff was thus found not disabled and ineligible for benefits. [Tr. 29-30]

    1.   Dr Hoffman's opinion:

Dr. Hoffman was plaintiff's treating physician from September, 2004, until June, 2005. [Tr. 736-51]. The ALJ described the medical records substantiating plaintiff's medical condition and concluded that Dr. Hoffman's February 2005 opinion [Tr. 742] should be given little weight because of plaintiff's longitudinal functioning as shown in the record. [Tr. 26]. The ALJ opined that while plaintiff did experience significant difficulties due to her Cushing's syndrome while she was on the supraphysiologic steroid dose, her symptoms did improve as she was weaned from that dosage. *Id*.

Later in a letter dated March 15, 2006, Dr. Hoffman opined that plaintiff would be "unable to maintain employment over the next year." [Tr. 949]. Dr. Hoffman also completed a form supplied by plaintiff's attorney, indicating his opinion of plaintiff's limitations. [Tr. 950-52]. The ALJ noting that Dr. Hoffman's records indicated that he had not seen or treated plaintiff since June 1, 2005, found for a variety of reasons which he enunciated, that Dr. Hoffman's opinion and findings were not consistent with plaintiff's treatment record. [Tr. 27].

4 - ORDER

An ALJ is responsible for resolving conflicts in the medical record. *Benton v. Barnhard,* 331 F.3d 1030, 1040 (9th Cir. 2003). Thus, an ALJ may reject a treating physician's medical opinion based on clear and convincing reasons which are supported by substantial evidence in the record. *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995); 20 C.F.R. §§404.1527(d), 416.927(d). It is well established that when evaluating medical opinions, an ALJ need not accept the opinion of a doctor if that opinion is inadequately supported by clinical findings. *Bayliss v. Barnhard,* 427 F.3d 1211, 1216 (9th Cir 2005)(citing *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir.2001)).

Contrary to plaintiff's assertions, the ALJ documented (with record cites), his many reasons for discounting Dr. Hoffman's opinion regarding plaintiff's ability to work. [Tr. 26-27]. I therefore find that the ALJ gave specific clear and convincing reasons in support of his decision to afford little weight to Dr. Hoffman's opinion regarding plaintiff's ability to work.

2.  Dr. Radhakrishan's Opinion:

Plaintiff complains that the ALJ did not specifically address Dr. Radhakrishan's opinion and argues that Dr. Radhakrishan's opinion does not correlate with the ALJ's finding that plaintiff's symptoms would improve as her steroid dosage was reduced. [#20-p.14].

However, the record does not contain any indication that Dr.

5 - ORDER

Radhakrishan ever expressed any opinion with regard to any work-related limitations that plaintiff might have had while Dr. Radhakrishan was treating her. [Tr. 884- 907]. Thus, although the ALJ did not specifically address Dr. Radhakrishan's opinions, his opinion is consistent with for example, Dr. Radhakrishan's impressions of plaintiff's condition[1] when plaintiff was last seen by Dr. Radhakrishan on June 30, 2005. [Tr. 884-86]. Because the ALJ did not reject any significant probative evidence his failure to specifically address Dr. Radhakrishan's opinion is harmless and does not constitute reversible error. *Vincent v. Heckler,* 739 F.2d 1394, 1395 (9th Cir. 1984).

3. Plaintiff's Combined Impairments:

Plaintiff argues that the ALJ improperly failed to consider plaintiff's obesity in combination with her other impairments. [#20-p.17]. An ALJ must consider whether the aggregate of the plaintiff's mental and physical impairments so incapacitate her that she is unable to perform available work. 20 C.F.R. §404.1523; see also *Macri v. Chater,* 93 F.3d 540, 545 (9th Cir. 1996).

In 1999, the SSA removed obesity from its listing of

---

[1] This note mentions *inter alia* that plaintiff was pleased with her muscle definition and strength improvement [Tr. 884] and that Dr. Radhakrishan recommended plaintiff "continue [to] maintain an active lifestyle with regular exercise" and released plaintiff to return to the clinic in six months. [Tr. 885-86].

6 - ORDER

impairments. 64 Fed. Reg. 46.122. Thus, obesity may still enter into a multiple impairment analysis but only through its impact on the claimant's musculosketetal, respiratory or cardiovascular system. *Celaya v. Halter,* 332 F.3d 1177, 1181,Fn.1 (9th Cir. 2003).

In this instance the ALJ did include plaintiff's mental and physical impairments in his RFC analysis stating that "in light of claimant's obesity and arthritis, the undersigned does find she has some limitations in her ability to stand and walk as well as some postural limitations". [Tr. 27].

An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination unless, the claimant presents evidence in an effort to establish equivalence. *Lewis v. Appel,* 236 F.3d 503, 514 (9th Cir. 2001). Plaintiff does not offer any theory plausible or otherwise, as to how her impairments combined to equal a listing. I therefore find no reversible error in the ALJ's consideration of her impairments.

4. Plaintiff's Credibility:

Plaintiff argues that the ALJ improperly dismissed her subjective complaints when he found that she was not credible regarding the intensity, persistence and limiting effects of her symptoms. [#20-pp.17-21]. However it is well established that an ALJ may reject a plaintiff's testimony by offering clear and

7 - ORDER

convincing reasons. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008).

Here the ALJ gave several permissible reasons for discrediting plaintiff's testimony regarding her limitations. First, he noted that she did not stop work because of any disabling limitations but rather because the job ended. [Tr. 25]. Second, he specifically considered plaintiff's testimony regarding her allegations of debilitating pain and difficulty walking without an assistive device finding those claims unsupported by her medical record. [Tr. 26] He also made specific references to the record in finding plaintiff's allegations regarding her shoulder and wrist pain limitations inconsistent with that record. *Id.* Third, the ALJ noted that Dr. Cheek opined that plaintiff could stand, walk and sit without limitation and required no assistive device. [Tr. 27, 613]

Thus, I find the ALJ enunciated germane, clear and convincing reasons for finding plaintiff's statements about the intensity, persistence and limiting effects of her symptoms not entirely credible to the extent they were inconsistent with his determination of her RFC.

### 5. Lay Witness Testimony

Plaintiff asserts that the ALJ improperly rejected her sister, Jamie Miller's lay witness testimony regarding her alleged limitations. [Tr. pp. 21-22]. In fact the ALJ

8 - ORDER

specifically noted that "the allegations of Ms. Miller are generally credible." [Tr. 25]. I find that the ALJ accounted for and included plaintiff's limitations as described by Ms. Miller in his RFC.

It is well established that if administrative findings are supported by substantial evidence in the record they are upheld, even if there could be more than one rational interpretation of that evidence. *Richardson v. Perales,* 402 U.S. 389, 400 (1971), see also *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Substantial evidence means "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Howard v. Heckler*, 782 F.2d 1484, 1487 (quoting *Richardson* v. Perales, 402 U.S. at 401).

I find that the specific and legitimate reasons enunciated by the ALJ in this matter support his findings with regard to the various witness and provider testimony/opinions with which he disagreed or weighted less than others. His decision that plaintiff is not disabled within the meaning of the SSA, is thus supported with substantial evidence in the record, is based on his application of the correct legal standards and therefore contains no reversible error.

///

///

///

9 - ORDER

## CONCLUSION

For the reasons stated above, the Commissioner's final decision is AFFIRMED. This proceeding is dismissed.

IT IS SO ORDERED.

DATED this 12th day of July, 2010.

_____
United States District Judge